# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:18-cv-00533-MR

| | |
|---|---|
| JENNIFER ANN JASMAINE, a/k/a DUANE LEROY FOX, ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) ) | **ORDER** |
| FNU GAZOO, et al., ) ) ) | |
| Defendants. ) ) | |

**THIS MATTER** is before the Court sua sponte on its review of the docket in this matter.

Pro se Plaintiff Jennifer Ann Jasmaine ("Plaintiff") is a North Carolina prisoner currently incarcerated at Eastern Correctional Institution at Maury, North Carolina. Plaintiff filed this action in this Court on October 2, 2018, pursuant to 42 U.S.C. § 1983, against Defendants FNU Gazoo, FNU Lambert, FNU Engrim, FNU LNU, Rubin Young, Gary Junker, FNU Bowman, and Stephanie Hubbard. [Doc. 1]. Plaintiff's Complaint survived initial review on February 12, 2019. [Doc.10]. All but Defendant FNU Lambert executed a waiver of service. [Docs. 13, 13-1]. Defendant Lambert remains unserved.

Generally, a plaintiff is responsible for effectuating service on each named Defendant within the time frame set forth in Fed. R. Civ. P. 4(m), and failure to do so renders the action subject to dismissal. Under Rule 4(m):

> If a defendant is not served within 90 days after the complaint is filed, the court---on motion or on its own motion after notice to the plaintiff---must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The service period in Rule 4(m) is tolled while the district court considers an *in forma pauperis* complaint. Robinson v. Clipse, 602 F.3d 605, 608 (4th Cir. 2010). Initial review in this case occurred on February 12, 2019. [Doc. 10]. Plaintiff, therefore, had until May 13, 2019 to serve Defendant Lambert. On July 15, 2020, the Court advised Plaintiff pursuant to Rule 4(m) that he must show good cause for his failure to timely serve Defendant Lambert. [Doc. 43]. The Court notified Plaintiff that it would dismiss Defendant Lambert without prejudice unless, within fourteen (14) days of that Order, the Plaintiff showed good cause for his failure to serve them. [Id.].

Plaintiff has not responded to the Court's Order.

2

Case 3:18-cv-00533-MR    Document 46    Filed 09/02/20    Page 2 of 4

## II.    DISCUSSION

"'Good cause' as used in Rule 4(m) refers to a legally sufficient ground or reason based on *all* relevant circumstances." Robinson v. GDC, Inc., 193 F.Supp.3d 577, 580 (4th Cir. 2016) (citing McDermott Int'l, Inc. v. Wilander, 498 U.S. 337, 342 (1991)).

> Courts within the Fourth Circuit found good cause to extend the [90]-day period when the plaintiff has made reasonable, diligent efforts to effect service on the defendant. This leniency especially holds true when factors beyond the plaintiff's control frustrate his or her diligent efforts. Thus, courts are more inclined to find good cause where extenuating factors exist such as active evasion of service by a defendant or stayed proceedings that delay the issuance of a summons.
>
> At a minimum, inadvertence, neglect, misunderstanding, ignorance of the rule or its burden, or half-hearted attempts at service generally are insufficient to show good cause. While a court might take a plaintiff's *pro se* status into consideration when coming to a conclusion on good cause, neither *pro se* status nor incarceration constitute good cause.

McCoy v. Abbasi, No. 3:10CV875, 2012 WL 4933301, at *1 (E.D. Va. Oct. 16, 2012) (internal citations and quotation marks omitted).

Here, Plaintiff has failed to state any cause, let alone good cause, for his failure to serve Defendant Lambert. Plaintiff has made no effort to serve Defendant Lambert and did not seek an extension of time to complete

3

service. The Court, therefore, declines to exercise its discretion to enlarge the service period, especially at this late stage of these proceedings. See Robinson v. GDC, 193 F.Supp.3d at 581.

## III. CONCLUSION

Because Plaintiff has failed to show good cause for his failure to timely serve Defendant Lambert, the Court will dismiss this Defendant without prejudice pursuant to Rule 4(m).

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant FNU Lambert is hereby **DISMISSED WITHOUT PREJUDICE** as a Defendant in this matter.

**IT IS SO ORDERED**.

Signed: September 2, 2020

Martin Reidinger
Chief United States District Judge